UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TODD CRECELIUS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-00382-KJD-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LAS VEGAS METROPOLITAN | ) | |
| POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the Court for hearing on May 15, 2012 on Defendants' Motion to Dismiss (#32), filed April 17, 2012, and Plaintiff's counsel's Motion to Withdraw as Attorney (#34), filed May 2, 2012.

## **BACKGROUND**

The motion to withdraw (#34) was filed the same day as Plaintiff's response to Defendants' Motion to Dismiss (#32) and approximately two weeks after the close of discovery. Given the allegations of non-responsiveness contained within Defendants' motion (#32), the lack of authority or support offered in response to Defendants' motion, and the breakdown of communications between Plaintiff and his counsel, the Court set motion (#34) for hearing. The Court ordered that Plaintiff personally appear. *See* Min. Order (#35). The Court further ordered Plaintiff's counsel to notify Plaintiff of the hearing, to serve him with a copy of minute order (#35), and inform him of his obligation to appear. *Id*.

The hearing went forward on May 15, 2012. Plaintiff did not appear. His counsel indicated that

he attempted to serve copies of the Court's minute order (#35) via standard and certified mail at the only address he had for Plaintiff. He indicated that he also attempted to contact Plaintiff via telephone at least twice, but was informed that the number was no longer in service. Accordingly, the Court scheduled a show cause hearing for June 11, 2012. *See* Min. of Proceedings (#38). In addition to mailing a copy of the minutes to the address on file for Plaintiff, Plaintiff's counsel was again instructed to serve Plaintiff with a copy of the minutes. *Id*.

At the May 15, 2012 hearing, the Court also addressed Plaintiff's counsel's motion to withdraw (#34). Withdrawal is not automatic. Pursuant to Local Rule IA 10-6, withdrawal must be by "leave of court" and is "not alone . . . reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case." *See* LR IA 10-6(b), (d). The motion was filed shortly after the close of discovery and just a few weeks from the deadline to file dispositive motions. When pressed on the timeliness of the motion, counsel indicated that there had been a significant breakdown in communications and that he believed his need to withdraw might be necessary under Rule 11. In response to the Court's query regarding discovery, Plaintiff's counsel stated that Plaintiff had responded to written discovery and received responses to his written discovery. Plaintiff's counsel confirmed that Plaintiff did not appear for two properly noticed depositions.

Having confirmed Plaintiff's non-appearance at his properly noticed depositions, the Court addressed Defendants' motion to dismiss (#32), which seeks sanctions pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i).[1] Plaintiff's counsel attempted to justify the failures to appear by pointing to the unsupported claim that his client was in the hospital for emergency medical treatment during the time for both depositions. *See* Pl.'s Resp. (#33) at ¶ 2. After the Court noted that there was nothing in the record supporting the alleged medical emergencies, Plaintiff's counsel requested additional time to supplement his response with "hard evidence" of the medical emergencies. The Court granted counsel until close of business on May 18, 2012, to supplement the response with support for the claimed

---

[1] That rule provides that "[t]he court where the action is pending may, on motion, order sanctions, if: (i) a party . . . fails after being served with proper notice, to appear for that person's deposition." Rule 37(d)(3) provides, in turn, that sanctions may include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," including that "the party failing to act, the attorney advising that party, or both pay reasonable expenses, including attorney's fees, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

emergencies. No supplement was filed.

On June 11, 2012, the Court held its show cause hearing regarding Plaintiff's failure to appear at the May 15 hearing. Plaintiff failed to appear. Thus, Plaintiff had failed to appear for two properly noticed depositions and disregarded two orders from this Court to personally appear for hearings. A copy of the minutes setting the hearing had been mailed to Plaintiff's last known address and his counsel attempted to serve him with notice of the show cause hearing. *See* (#39) and (#40). At the conclusion of the show cause hearing, the Court indicated its intent to recommend that this case be dismissed.

## **DISCUSSION**

The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. It is with that charge at the forefront that this Court construes and administers the Federal Rules. There rules provide several mechanisms whereby courts can accomplish this goal through the use of sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies the proceedings. Rule 16 is a central pretrial rule that authorizes court to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id*. Rule 16(f) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling order or other pretrial order." Rule 37(b)(2)(A)(v), in turn, provides that: "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . . includ[ing]: . . . dismissing the action or proceeding in whole or in part."

Dismissal for failure to obey a court order or permit discovery is a harsh penalty and should only be imposed in extreme circumstances. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1226 (internal citations and quotations omitted). "These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." *Id*. (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Although preferred, it not required that the district court make explicit findings to show that it has considered these factors. *Id*. A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id*. (internal citations and quotations omitted).

### 1. Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1227. Here, the Plaintiff has failed to comply with several court orders and failed to appear twice for properly noticed depositions during the discovery period. Despite being given every opportunity to comply or justify his failures to appear, Plaintiff has not done so. This behavior is inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action.

### 2. Court's Need to Manage Its Docket

It has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted). As the Supreme Court has held, the sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

Here, Plaintiff failed to appear at both the May 15, 2012 hearing on his counsel's motion to withdraw (#34) and the June 11, 2012 show cause hearing for his failure to appear previously. Plaintiff has been notified via mail at the address on file with his attorney and the Court regarding the requirement that he appear. However, it appears that Plaintiff is ignoring, avoiding, or otherwise refusing to accept mail from this court and his former attorney. The Court has made several attempts to allow Plaintiff to remain in this matter to no avail. The Court also notes that Plaintiff's former counsel conceded that Plaintiff failed to appear at two properly noticed and scheduled depositions. "In evaluating the propriety of sanctions, [courts] look at all the incidents of a party's misconduct." *Adrianna Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir 1990) (citation omitted). Plaintiff has not provided valid justification for his failures to appear at the properly noticed deposition. Plaintiff's continued attempts to thwart this case from moving forward make it impossible for the Court to effectively manage its docket.

**3. Risk of Prejudice to the Defendant**

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Thoeren*, 913 F.2d at 1413. The repeated failure to appear at scheduled depositions is prejudicial. *Id*. Plaintiff's former attorney conceded the failure to appear at properly noticed depositions. Plaintiff's former attorney attempted to argue that the failures to appear were due to medical emergencies but was unable to provide any evidence, not even in the form of an affidavit from Plaintiff, to support the claim. What is more, there is no evidence that Plaintiff or his former counsel sought to postpone, reschedule, or seek a protective order to insulate against the potential ramifications for failing to appear at the depositions. Plaintiff simply failed to appear with no valid basis for doing so. Now, discovery is closed. Plaintiff's failures to appear substantially interfere with Defendants ability to go to trial and, consequently, with the rightful decision of the case.

**4. Public Policy**

"[T]he public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted). Nevertheless, "this factor lends little support to a party whose responsibility it is to move a

case toward disposition on the merits but whose conduct impeded progress in that direction." *Id*. Because Plaintiff is responsible moving his case forward, his conduct in causing delay and thwarting progress supports dismissal.

### 5. Less Drastic Sanctions

The Court must consider the adequacy of less drastic sanctions before imposing dismissal. *Malone*, 833 F.2d at 131 (citation omitted). Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. *Id.* at 132. Less drastic sanctions would not be effective in this case as Plaintiff refuses to obey court orders or be deposed. Plaintiff ignored, avoided, or otherwise refused to accept communications from this Court and his former attorney. As Plaintiff is now representing himself, it is unlikely a monetary sanction would have any effect. The Court has made every effort to avoid entering dismissal, including allowing his former attorney more time to counsel Plaintiff, more time to respond to Defendants' motion, and the additional opportunity to cure his prior failures to appear by appearing at a show cause hearing. Lastly, Plaintiff's former counsel was told that the failure of his client to appear at the show cause hearing could result in dismissal.

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss (#32) be **granted**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of September, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**